**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| CAMERON L. MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:24-cv-00223-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| ISMIE MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on ISMIE Mutual Insurance Company's ("ISMIE")
motion to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay the
case, ECF No. 31. For the reasons set forth below, the court denies this motion.

## I.   BACKGROUND

The court provided a detailed explanation of the complicated facts and procedural
history underlying this case in its October 15, 2024 order ("October Order"). ECF No. 30
at 1–8. The court provides an abbreviated recitation here for purposes of aiding an
understanding of the court's reasoning in this order. In essence, plaintiff Cameron L.
Marshall ("Marshall") alleges that ISMIE is obligated to defend and indemnify him for
allegations of attorney malpractice in an underlying suit.

In the underlying suit, Assistive Technology Medical Equipment Services, Inc.
("ATMES") sued Phillip DeClemente ("DeClemente") in October 2011 in the Charleston
County Court of Common Pleas. DeClemente did not immediately respond, and ATMES
filed an affidavit of default. About a month and a half later, DeClemente hired Marshall
to represent him. Marshall noticed his appearance on May 14, 2012, but did not file
anything further until August 10, 2012. He subsequently requested a relief for default on

DeClemente's behalf. The court denied this request on April 30, 2014. On December 21, 2017, the court entered judgment and awarded $875,144.00 in damages against DeClemente. Marshall appealed the Court of Common Plea's default order, and the South Carolina Court of Appeals affirmed on December 23, 2020. On February 26, 2021, Marshall filed a petition for a writ of certiorari to the South Carolina Supreme Court, which the court granted on January 13, 2022.

While the underlying lawsuit was pending in the South Carolina Supreme Court, ISMIE issued Lawyers Professional Liability Policy Number ALA-04-000647-01 (the "Policy") to insure Marshall during a policy period starting on July 10, 2022, and expiring on July 10, 2023 (the "Policy Period"). In relevant part, the Policy includes a prior-knowledge provision stating that the Policy "does not apply to any Claim based upon or arising out of . . . any facts or circumstances of which [Marshall] had knowledge as of the effective date of this policy [July 10, 2022] and which could reasonably have been expected to give rise to a Claim." ECF No. 1-3 at 9 (emphasis omitted).

The South Carolina Supreme Court dismissed the writ of certiorari as improvidently granted on April 5, 2023. At some point shortly thereafter, Marshall notified ISMIE of a potential claim against him by DeClemente. DeClemente then filed a malpractice suit against Marshall on September 25, 2023, and Marshall demanded that ISMIE defend and indemnify him in the malpractice suit pursuant to the Policy. ISMIE notified Marshall that it was disclaiming any coverage obligation in connection with the malpractice suit on October 27, 2023.

Marshall filed this declaratory judgment action against ISMIE on January 12, 2024. He brings three causes of action: (1) breach of contract, (2) bad faith, and (3)

2

declaratory judgment.  On April 10, 2024, ISMIE moved for judgment on the pleadings.

The court denied ISMIE's motion for judgment on the pleadings in its October Order.

On November 8, 2024, ISMIE moved to certify this matter for interlocutory appeal

pursuant to 28 U.S.C. § 1292(b) and stay the case.  ECF No. 31.  Marshall responded in

opposition on November 22, 2024, ECF No. 32, to which ISMIE replied on December 2,

2024, ECF No. 33.  As such, the motion is now fully briefed and ripe for the court's

review.

## II.  STANDARD

Section 1292(b) of Title 28 of the United States Code provides a mechanism by

which litigants can appeal a non-final order upon consent of both the district court and

the court of appeals.  Certification by a district court under § 1292(b) is appropriate only

if the order (1) involves a controlling question of law (2) as to which there is substantial

ground for difference of opinion and (3) an immediate appeal may materially advance the

ultimate termination of the litigation.  Kennedy v. St. Joseph's Ministries, Inc., 657 F.3d

189, 195 (4th Cir. 2011).  "An interlocutory appeal is an 'extraordinary remedy' that

should be granted only in 'exceptional circumstances where early appellate review would

avoid a protracted and expensive litigation process.'"  In re TD Bank, N.A. Debit Card

Overdraft Fee Litig., 2016 WL 7320864, at *3 (D.S.C. July 18, 2016) (quoting Michelin

N. Am., Inc. v. Inter City Tire & Auto Ctr., Inc., 2013 WL 5946109, at *2 (D.S.C. Nov.

6, 2013)).  Thus, "§ 1292(b) should be used sparingly and . . . its requirements must be

strictly construed."  Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989).

### III.  DISCUSSION

In its motion for judgment on the pleadings, ISMIE argued (1) that the court should interpret the Policy's prior-knowledge provision according to a mixed subjective/objective analysis, (2) that a reasonable attorney in Marshall's position with knowledge of the default could have expected that DeClemente would file a malpractice claim, and (3) that this analysis is unaltered by DeClemente's subjective belief that he would eventually prevail on appeal.  ECF No. 11-1 at 18–26.

In its October Order, the court agreed that the issue must be analyzed according to a mixed, two-part subjective/objective test to determine whether coverage is excluded. ECF No. 30 at 12.  "First, the court is to consider whether the insured had actual knowledge of the underlying facts which are the basis of the claim (subjective), and second, would a reasonable insured in possession of such facts have a basis to believe that these facts could constitute a claim (objective)."  Id. (quoting Nat'l Specialty Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 2012 WL 1825370, at *3 (D.S.C. May 18, 2012)).  Thus, the court then explained that, at the beginning of the Policy Period, Marshall was aware of the fact that he represented DeClemente in the underlying lawsuit, that the court had entered default against DeClemente in that suit, and that the South Carolina Supreme Court had granted certiorari over the default order in the underlying lawsuit.  Id. at 12–13.

When assessing the objective part of this test, the court determined that, given the pendency of appeal in the South Carolina Supreme Court, there was a genuine issue of material fact as to whether a reasonable attorney with knowledge of these facts would have foreseen that DeClemente could have filed his malpractice claim against Marshall.

4

Id. at 13. In reaching this decision, the court referred to the South Carolina Supreme Court's opinion in Stokes-Craven Holding Corp. v. Robinson, 787 S.E.2d 485, 493–94 (S.C. 2016). ECF No. 30 at 13. In that case, the court explained that, under South Carolina law, a client's claim for attorney malpractice does not accrue until his appeal is finalized, and a client therefore cannot know if he has a malpractice claim until after his appeal is unsuccessful. Id. Reasoning by analogy, this court determined that "[i]f a client cannot know whether he has a cause of action for attorney malpractice during the pendency of his appeal, it follows that a reasonable attorney may not foresee a malpractice claim during that same period." Id. Thus, the court denied ISMIE's motion so that this factual question could be resolved.[1] ECF No. 30 at 13.

In its motion to certify, ISMIE argues that the court's reasoning in its denial order is in conflict with how other federal courts have interpreted similar prior-knowledge provisions. ECF No. 31-1 at 4–5, 11–13. ISMIE contends that "[w]hereas those other federal courts held that a pending appeal does not negate a reasonable attorney's

---

[1] ISMIE characterizes the court's October Order as holding "that a reasonable attorney in Marshall's position did not know of facts or circumstances which could reasonably give rise to a claim because, under South Carolina law, a 'malpractice claim does not accrue until the appeal is finalized.'" ECF No. 31-1 at 4 (quoting ECF No. 30 at 13). To be clear, that is not what the court held. Rather, the court explicitly concluded that "there is a genuine issue of material fact as to whether a reasonable attorney in Marshall's position would have foreseen that DeClemente could file a claim and thus a factual question as to whether coverage is precluded by [the Policy]." ECF No. 30 at 13 (emphasis added). As the court explained, foreseeability is typically a factual question to be resolved by the jury under South Carolina law. Wickersham v. Ford Motor Co., 853 S.E.2d 329, 332 (S.C. 2020) ("In most cases, foreseeability ends up being addressed as a question of fact for the jury."); see also Nat'l Specialty Ins. Co., 2012 WL 1825370, at *3–4. In considering ISMIE's motion for judgment on the pleadings, the court was required to resolve all factual questions in favor of Marshall, the non-moving party. See Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc., 932 F.3d 268, 274 (4th Cir. 2019). Thus, the question of what was reasonably foreseeable for the objective attorney in Marshall's position remains to be resolved after the benefit of discovery or at trial.

knowledge of facts or circumstances that could reasonably give rise to a claim, this Court's interpretation of prior knowledge provisions stated the exact opposite." Id. at 4–5. Thus, ISMIE argues that the court should certify interlocutory appeal. Id. The court disagrees.

ISMIE spends four pages of its memorandum in support of its motion arguing that the court's denial of its motion for judgment on the pleadings "involves a controlling question of law." Id. at 7–11. However, nowhere in this discourse does ISMIE identify what that question might be.[2] See ECF No. 31-1 at 7–11. Instead, ISMIE leaves the court in suspense until revealing in its reply brief that the question is: "whether the objective standard applies only where a claim is ripe and all the prerequisites of a malpractice claim exist at the inception date of the subject policy." ECF No. 33 at 3.

The court does not understand this question. Everyone—ISMIE, Marshall, the court—all agreed that the objective standard "applies" to interpretation of the Policy's prior-knowledge provision. See ECF Nos. 11-1 at 18–21; 16 at 9; 30 at 12. Rather, the operative question seems to be: whether, under South Carolina law, the court can take into account the insured's subjective knowledge of a pending appeal when determining whether a reasonable attorney in the insured's position had basis to believe a malpractice claim could arise. In its October Order, the court impliedly answered this question as

---

[2] In a different section of its memorandum, ISMIE states that "[t]he only issue is whether the undisputed facts as they currently stand are enough to bring the Underlying Action within the purview of [the Policy's prior-knowledge provision.]" ECF No. 31-1 at 14. However, "§ 1292(b) review is not appropriate where, for example, the question presented turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." See United States ex rel. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 341 (4th Cir. 2017). Thus, to the extent ISMIE argues that the court's application of the facts of this case to the law was in error, such is insufficient to trigger an interlocutory appeal.

"yes" when it reasoned by analogy to the South Carolina Supreme Court's decision in Stokes-Craven, ECF No. 30 at 13, and this is the conclusion with which ISMIE apparently disagrees, see ECF No. 31-1 at 12–13.

Yet even if ISMIE had appropriately identified a controlling question of law, ISMIE has failed to demonstrate that there is substantial ground for difference of opinion on that question. At best, ISMIE argues that the court's October Order is in conflict with decisions from other federal courts. ECF No. 31-1 at 4–5, 11–13. In particular, ISMIE cites to the District Court for the District of Columbia's decision in Ross v. Continental Casualty Co., 420 B.R. 43 (D.D.C. 2009), aff'd 393 F. App'x 726 (D.C. Cir. 2010); the District Court for the Southern District of Indiana's decision in General Insurance Co. of America v. Boyd, 2002 WL 1610948 (S.D. Ind. July 9, 2002); and the District Court for the Northern District of Texas's decision in Westport Insurance Corp. v. Cotton Schmidt, LLP, 605 F. Supp. 2d 796 (N.D. Tex. 2009).

However, none of these cases were decided based on South Carolina law. See Ross, 420 B.R. 43 (applying District of Columbia law); Boyd, 2002 WL 1610948 (applying Indiana law); Cotton Schmidt, 605 F. Supp. 2d 796 (applying Texas law). To certify an interlocutory appeal, there must be a substantial ground for disagreement as to the applicable controlling law, In re Air Cargo, Inc., 2008 WL 2415039, at *3 (D. Md. June 11, 2008); Chicago Ins. Co. v. Health Care Indem., Inc., 2010 WL 4260029, *2 (S.D.W. Va. Oct. 21, 2010) (finding a party failed to show substantial ground for disagreement with the court's application of state law when "most of the cases to which [the movant] cites concern the law of different jurisdictions"), and both parties agree that South Carolina law governs the case at bar, see ECF Nos. 11-1 at 17; 17 at 7.

7

Beyond that, ISMIE has failed to identify any cases suggesting an alternative application of South Carolina law with respect to the issues in this case, and ISMIE has failed to raise any argument that this court misapplied South Carolina law in its October Order. Its objection therefore amounts to nothing more than disagreement with the court's conclusion, which is insufficient to certify an interlocutory appeal. See KPMG Peat Marwick, L.L.P. v. Est. of Nelco, Ltd., 250 B.R. 74, 83 (E.D. Va. 2000) ("What matters is whether courts themselves disagree as to what the law is."); McDaniel v. Mehfoud, 708 F. Supp. 754, 756 (E.D. Va. 1989) ("Counsel's disagreement with the Court is simply not reason enough to grant an interlocutory appeal."). Thus, even if an interlocutory appeal would materially advance the ultimate termination of this case, the court finds that such an appeal is not appropriate in this case. See Michelin N. Am., 2013 WL 5946109, at *2 (explaining that all three of § 1292(b)'s elements must be met to certify an appeal).

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** ISMIE's motion to certify an interlocutory appeal.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 14, 2025**
**Charleston, South Carolina**

8